UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Roger & Sons Construction, Inc. ) | Bankruptcy No.: 09-21594 |
| ) | Chapter 11 Proceeding |
| Debtors. ) | |

## ORDER AUTHORIZING APPOINTMENT OF ATTORNEY

Upon the Application of Roger & Sons Construction, Inc., the above-named Debtor, praying for authority to employ and appoint Kenneth A. Manning under a general retainer to represent it as Debtor-In-Possession herein with a monthly payment procedure and upon the Attorney Disclosure Form of said Kenneth A. Manning, filed with this Court on April 27, 2009, pursuant to Local Rule B-2014-1;

And appearing that Kenneth A. Manning is an attorney duly admitted to practice in this Court, and the Court being satisfied that Kenneth A. Manning represents no interest adverse to said Roger & Sons Construction, Inc., as Debtor-In-Possession herein, or to its estate, in the matters upon which he is to be engaged, that his employment is necessary and would be to the best interest of the estate, and that the case is one justifying a general retainer with a monthly payment procedure;

**IT IS THEREFORE ORDERED** that Roger & Sons Construction, Inc., as Debtor-In-Possession herein, be, and it hereby is, authorized to employ Kenneth A. Manning, an attorney, to represent it as Debtor-In-Possession, under a general retainer, within the proceeding under Chapter 11 of the Bankruptcy Code effective as of the commencement of this case.

**IT IS THEREFORE FURTHER ORDERED** that Debtor's counsel may file periodic statement of legal services rendered and expenses incurred on behalf of the Debtor, with a copy

2

served on the Debtor, secured creditors, the Office of the United States Trustee, any creditor's committee and such parties as the court directs. Debtor's counsel shall also file a Notice upon all creditors without the itemized request. Unless an objection is filed with the court within fifteen (15) days after filing of the statement by Debtor's counsel, Debtor shall be authorized and directed to pay Debtor's counsel eighty percent (80%) of the professional compensation set forth on the statement plus reimbursement of one hundred percent (100%) of the expenses incurred, from the pre-petition retainer currently held in Debtor's counsel's trust account. If an objection is timely interposed, the Court shall set the matter for further hearing with respect to any disputed compensation and expense reimbursement. Debtor's counsel's professional compensation shall be subject to further Court approval, after notice and hearing on separate application made therefore, and such application shall cover all amounts previously paid to Debtor's counsel on a periodic basis pursuant to the procedure outlines above, plus the balance of the compensation and expenses not reimbursed to Debtor's counsel on a periodic basis pursuant to this procedure.

Dated: _June 19, 2009_

*/s/ Philip Kleyburg*
JUDGE
US-Bankruptcy Court

**Distribution:**
US Trustee, 555 One Michiana Square Bldg., 100 E. Wayne St., South Bend, IN  46601
Kenneth A. Manning, James, James & Manning, PC, 200 Monticello Dr., Dyer, IN  46311
Debtor c/o Roger & Sons Construction, Inc. Attn: Rogelio Zepeda, Sr., 4715 Euclid Ave., East Chicago, IN 46312